IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KENNETH G. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-1007-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| STATE OF OREGON; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Kenneth G. Williams
SID #4202792
Oregon State Penitentiary/Legal Mail
2605 State Street
Salem, OR  97310

 Plaintiff Pro Se

Leonard W. Williamson
STATE OF OREGON DEPARTMENT OF JUSTICE
Trial Division - Corrections Litigation
1162 Court Street, N.E.
Salem, OR  97301

Lynne D. Rennick
RENNICK LAW OFFICE
130 S. Comstock, Suite 108
Sutherlin, OR 97479

    Attorneys for Defendants

JONES, Judge:

Plaintiff Kenneth Williams, a prisoner in custody of defendant Oregon Department of Corrections ("ODOC") currently incarcerated at Two Rivers Correctional Institution ("TRCI") in Umatilla, Oregon, brings this action *pro se* against defendant State of Oregon *et al.* ("defendants") pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourth and Eighth Amendments to the United States Constitution by failing to provide adequate testing, diagnosis, and treatment for his hepatitis C and for deliberate indifference to his health care needs. Plaintiff's action is for damages, as permitted by the settlement in Anstett v. State of Oregon, Civil No. 01-1619-BR.[1]

This action is now before the court on defendants' unenumerated 12(b) motion to dismiss (# 17) plaintiff's complaint for failure to exhaust his administrative remedies. For the reasons stated below, I reluctantly grant defendants' motion and dismiss this action without prejudice. See footnote 3, infra.

---

    [1]    Defendants' argument that plaintiff's complaint is untimely is mistaken. Anstett terminated by judgment in August 2007; by the terms of the settlement agreement, plaintiff has until August 2009 to file an action for damages. See Defendants' Reply, Declaration of Michelle Burrows, Attachment 3, p. 4 ¶ (g).

2 - OPINION AND ORDER

**STANDARDS**

In the Ninth Circuit, failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. Id. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

**DISCUSSION**

I.  The Prison Litigation Reform Act Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandated regardless of the relief offered through the prison administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all inmate lawsuits relating to prison life whether they involve general circumstances or particular episodes and whether the inmates allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 527-28 (2002). Prisoners are obligated to navigate the prison's administrative-review process "regardless of the fit between a prisoner's prayer for relief and the

3 - OPINION AND ORDER

administrative remedies possible," even where, as here, "the prisoner seeks relief not available in grievance proceedings, notably money damages * * *." Booth, 532 U.S. at 739-41. Following Booth, the Ninth Circuit has held that "the obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original). Nevertheless, "Booth does not require exhaustion when *no* pertinent relief can be obtained through the internal process." Id. at 935 (emphasis in original)(citing Booth, 532 U.S. at 736).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e is an affirmative defense. Wyatt, 315 F.3d at 1119. "[D]efendants have the burden of raising and proving the absence of exhaustion." Id. at 1120. As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1119-20.

II.   Plaintiff's Grievances

Plaintiff does not dispute his knowledge of ODOC's grievance procedures; indeed, the evidence demonstrates that he is familiar with the grievance system and has utilized it many, many times. While at Oregon State Penitentiary between 2000 and 2004, plaintiff filed grievances related to chest pain, dentures, copying charges for medical records, urinary tract issues and diabetes, kidney pain, and lower back pain. See Motion to Dismiss, Exhibit ("Exh.") 101 (Affidavit of Aaron Bales), pp. 4-6. Since arriving at TRCI in July 2004, plaintiff has filed grievances related to his mail, his neurological diagnosis and treatment, the points he received in the Performance Recognition and Award System, an alleged failure to transport him to a hospital following a heart attack, telephone numbers removed from his call list, health care treatment

4 - OPINION AND ORDER

following an angiogram, mail and packages being opened, and timeliness of his newspaper delivery. See Motion to Dismiss, Exh. 102 (Affidavit of Aleca Nelson), pp. 4-8; see also Complaint, ¶ 1(1)-(2).  Both Bales and Nelson attest under oath that despite comprehensive searches of their records, they found no record of any grievance by plaintiff concerning Hepatitis C care and treatment.  Exh. 101, §§ 14-16; Exh. 102, §§ 13, 15-16.

Despite the substantial documentary evidence of grievances plaintiff has filed concerning a multitude of subjects, missing completely from the record is any documentary evidence that plaintiff did, in fact, file a grievance regarding his health care for Hepatitis C.

Plaintiff has several theories about the absence of evidence of exhaustion.  He asserts that between 2000 and 2004, he "filed several grievances and grievance appeals concerning the refusal to provide adequate tests, diagnosis and treatment, specifically for hepatitis C and the symptoms of this disease," and that he "sent these documents to my attorney Michelle Burrows." Affidavit in Opposition to Defendant(s) Motion to Dismiss, ¶ 4 (emphasis in original).  He also accuses the two grievance coordinators, Aaron Bales and Aleca Nelson, of submitting fraudulent affidavits, and contends that "[t]hey know I filed several grievances with specific complaints about Hepatitis-C as well as several complaints about the refusal to [perform] a biopsy." Affidavit in Opposition, ¶ 6.  In the alternative, plaintiff also contends that several of the grievances he did file were sufficient to alert the doctors of a need to make a diagnosis and that "[t]herefore, the grievance and grievance appeals in exhibit D, should be sufficient to exhaust administrative remedies."  Id. at ¶ 7.

5 - OPINION AND ORDER

Michelle Burrows, class counsel in <u>Anstett v. State of Oregon</u>, Civil No. 01-1619-BR,[2] denies that she ever obtained evidence of grievances plaintiff allegedly filed related to Hepatitis C.  <u>See</u> Defendants' Reply, Exh. 103 (Declaration of Michelle Burrows), §§ 9-14 and Attachment 1 (letter to Oregon State Bar responding to plaintiff's Bar complaint).  Based on her representations, in October 2007, I denied plaintiff's request to compel Burrows to produce documents, finding that she "adequately responded to plaintiff's request for grievance documents."  Order, October 26, 2007 (# 34).  Plaintiff has presented no evidence or compelling argument as to why I should now disregard Burrows' representations, and I decline to do so.

I also find plaintiff's accusations against Bales and Nelson to be unsupported and therefore without merit.  Plaintiff has provided no evidence that would permit a rational inference that although Bales and Nelson candidly summarize the multiple grievances plaintiff has filed, they have chosen to commit fraud with respect to his alleged Hepatitis C grievance.  I decline to accept plaintiff's accusations as fact.

This brings me to plaintiff's alternative theory, that the grievances he did file somehow were adequate to exhaust his administrative remedies with respect to Hepatitis C.  Plaintiff contends that even if he did not file a grievance concerning Hepatitis C, his mention of certain symptoms gave the doctors a "duty to determine whether my symptoms were caused by hepatitis-C or not, but they didn't do anything."  Affidavit in Opposition, ¶ 7.  I have reviewed all the grievances of record, and find none of them to be sufficient to fulfill the mandatory exhaustion requirement of the PLRA and satisfy the PLRA's dominant concern of  "promot[ing]

---

[2]  <u>See</u> footnote 3 for a description of <u>Anstett</u>.

administrative redress, filter[ing] out groundless claims, and foster[ing] better prepared litigation of claims * * *." Booth, 532 U.S. at 739.

Consequently, I conclude that plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. The dismissal is without prejudice, and if plaintiff avails himself of the administrative process to grieve his Hepatitis C treatment, presumably defendants will respond to his grievance in a timely fashion.[3]

## CONCLUSION

Defendants' unenumerated 12(b) motion (# 17) is GRANTED and this action is dismissed without prejudice.

DATED this 18th day of January, 2008.

       /s/ Robert E. Jones
      ROBERT E. JONES
      U.S. District Judge

---

[3] The Anstett class action challenged the legality of ODOC's procedures and policies for testing and treating Hepatitis C in the Oregon prison inmate population. Judge Brown certified the class action in 2002, and the parties reached a settlement in 2004. It took three years after settlement for all issues to be resolved and the case dismissed. Plaintiff in this case was a member of the class, which was a mandatory class with no opt-out provisions. Although class members, estimated to number between 3300 and 5500, were permitted through the settlement to file individual actions for damages in a two-year period following the termination in August 2007, many (if not most) of the class members did not file or pursue grievances concerning Hepatitis C during the pendency of Anstett, possibly because ODOC was refusing to process them. See Rockwell v. State of Oregon, Civil No. 05-694-BR, dkt # 98 (Affidavit of Michelle Burrows (and Attachments)). Indeed, the Oregon Administrative Rules were revised during that period to provide (and still provide), in effect, that inmates could not and cannot grieve "[c]laims or issues the inmate is pursuing in pending litigation in state or federal court." OAR 291-190-0140(3)(g). Thus, presumably a majority of inmates who choose to file damages actions in this court as permitted by the Anstett settlement will face the same problem as plaintiff in this case: failure to exhaust administrative remedies. That result seems unfair, even though mandated by the PLRA.

7 - OPINION AND ORDER

8 - OPINION AND ORDER